UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD SMITH,

        Plaintiff,                                 Hon. Janet T. Neff

v.                                                Case No. 1:08-CV-607

CORRECTIONAL MEDICAL
SERVICES, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

        This matter is before the Court on Plaintiff's Petition for Immediate Preliminary Injunction Relief. (Dkt. #4). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

        On June 24, 2008, Plaintiff initiated the present action against nine defendants. (Dkt. #1). Plaintiff asserts that he is allergic to wool and that Defendants have violated his constitutional rights by housing him with inmates who use wool blankets. (Dkt. #1). Plaintiff also asserts that Defendants have refused his requests for medical care to treat the allergic reactions he has allegedly suffered as a result of being exposed to wool. Plaintiff now requests that the Court grant injunctive relief and order that Defendants arrange for him to be examined by a "specialist" and comply with any "special medical accommodations" issued by his care providers.

        To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted); *see also*, *Wilson v. Wilkinson*, 2002 WL 123580

at *1 (6th Cir., Jan. 28, 2002) (applying this standard to the evaluation of a motion for temporary restraining order). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000) (citations omitted).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are alone determinative of the matter, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

In his complaint, Plaintiff alleges that as a result of being exposed to wool he has experienced rashes, eye and nasal irritation, headaches, itching, and sneezing. While the Court does not take lightly Plaintiff's claim that he is being exposed to an allergen, it does not appear that this alleged exposure represents a serious threat to Plaintiff's long term health. Moreover, the claims asserted by Plaintiff in his complaint are amenable to redress by monetary damages and other relief. Thus, the Court finds that Plaintiff is not experiencing an injury for which he has no adequate legal remedy.

The remaining factors also weigh against Plaintiff's request. From the material submitted by Plaintiff, it appears that there exists a dispute between Plaintiff and his care providers as to whether Plaintiff is actually allergic to wool or whether his symptoms have another origin. Plaintiff's

submissions also call into question his allegation that he has been denied medical treatment. Plaintiff has submitted records indicating that he has, in fact, been examined by care providers, but that he disagrees with the diagnosis and treatment administered. Thus, Plaintiff has failed to demonstrate that he is likely to prevail on the merits. Plaintiff has not established that he will suffer irreparable injury in the absence of injunctive relief. While granting Plaintiff's request may not cause substantial harm to others, the Court finds that such would not (at this juncture) be in the public interest. Operating a prison is a difficult undertaking and the Court is ill-equipped to manage the day-to-day affairs of a correctional facility.

In sum, Plaintiff has failed to demonstrate that he is being threatened with harm for which there exists no legal remedy. The harm from which Plaintiff seeks relief is remediable through the legal process. Plaintiff has failed to establish that he will suffer irreparable harm in the absence of injunctive relief. He has likewise failed to establish that he is likely to prevail on the merits of his various claims. Furthermore, the Court fails to discern how granting Plaintiff's motion would serve the public interest. Thus, Plaintiff is not entitled to the relief sought.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's <u>Petition for Immediate Preliminary Injunction Relief</u>, (dkt. #4), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

    Respectfully submitted,

Date:  August 26, 2008        /s/ Ellen S. Carmody
    ELLEN S. CARMODY
    United States Magistrate Judge