UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD MELVON SMITH,

       Plaintiff,                                        Hon. Janet T. Neff

v.                                                       Case No. 1:08 CV 607

CORRECTIONAL MEDICAL
SERVICES, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants Correctional Medical Services and Dr. Craig Hutchinson's Motion for Summary Judgment, (dkt. #30); Defendants P.A. LaNore and Dr. W. Nelson's Motion for Summary Judgment, (dkt. #45); and Defendants' Rule 56(b) Motion for Summary Judgment, (dkt. #50). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions be **granted** and Plaintiff's action dismissed.

## BACKGROUND

The following allegations are contained in Plaintiff's amended complaint. (Dkt. #12). Prior to entering the custody of the Michigan Department of Corrections, Plaintiff was detained at the Wayne County Jail. During this time, Plaintiff was diagnosed as suffering an allergy to wool. When Plaintiff entered the custody of the MDOC in 1999, he was issued cotton blankets.

On November 18, 2002, Dr. Benze reported that Plaintiff was allergic to wool. Plaintiff was thereafter "issued special accommodations." Pursuant to these accommodations, Plaintiff was to

receive cotton blankets and, furthermore, anybody housed in a cell with Plaintiff must also be given cotton blankets. For "years," these accommodations were honored by prison officials at the various facilities to which Plaintiff was transferred within the MDOC.

On July 5, 2007, Plaintiff was transferred to the West Shoreline Correctional Facility (MTF). The following day, an unnamed "medical provider" discontinued Plaintiff's "special medical accommodations." Plaintiff subsequently filed grievances against Defendants Nelson, LaNore, and Thompson. In retaliation for filing these grievances, Defendant Thompson ordered prison officials to confiscate Plaintiff's "extra cotton blankets." Plaintiff was subsequently ordered to bunk in an 8-man cube in which the other prisoners were issued wool blankets.

Plaintiff thereafter began to experience "rashes, irritated eyes, irritated nasal passage[s], nasal sores, sinus headaches, nose bleeds, nasal blood clots, itching and sneezing." Defendants Thompson, LaNore, and Nelson nonetheless refused Plaintiff's requests for treatment for these symptoms.[1] On March 3, 2008, Plaintiff was examined by Defendant Nelson. Plaintiff showed Nelson the rash he was experiencing. Defendant Nelson did not perform any tests to determine the cause of Plaintiff's rash, but instead told Plaintiff that his symptoms were caused by something other than wool. Nelson told Plaintiff that a dermatologist informed him that Plaintiff's "rashes are not wool related."

Plaintiff asserts that Defendants' actions violated his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff also asserts that Defendants Thompson and Nelson improperly retaliated against him. Defendants now move for summary judgment.

---

[1] In the body of his amended complaint, Plaintiff has failed to identify which individuals denied him treatment during this time. In the introductory section of his amended complaint, however, Plaintiff asserts that Defendants LaNore, and Nelson "denied plaintiff medical care and treatment." Plaintiff further asserts in the introductory section of his amended complaint that Defendant Thompson "failed to help [him] receive medical care and treatment." The Court interprets these statements as indicating that Defendants Thompson, LaNore, and Nelson were the individuals who refused his requests for treatment following his arrival at MTF in July 2007.

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed for failure to state a claim upon which relief may be granted where, even accepting as true Plaintiff's allegations and construing the complaint liberally in his favor, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the nonmoving party, the party opposing the summary judgment motion "must do more than simply show that there is

some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

**I.        Defendants Hutchinson and Correctional Medical Services (CMS)**  (Dkt. #30)

Defendants Hutchinson and CMS move for summary judgment on the grounds that (a) Plaintiff has failed to exhaust his administrative remedies and (b) Plaintiff has failed to state a claim on which relief may be granted.

A.     Exhaustion

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 127 S.Ct. 910, 921 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 126 S.Ct. 2378, 2386-87 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 127 S.Ct. at 922-23.

When assessing whether a prisoner has properly exhausted his claims as required by the PLRA, it is appropriate to seek guidance from the substantively similar exhaustion rules applicable to petitions for writ of habeas corpus. *See Woodford,* 126 S.Ct. at 2384. In the habeas context, a petitioner

is required to properly present his federal claims through one complete round of the State's established appellate review process. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). To "'protect the integrity' of the federal exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies." *Id.* at 848 (citation omitted). The Supreme Court has stated that in the habeas context, "the sanction for failing to exhaust properly (preclusion of federal review) is called procedural default." *Woodford,* 126 S.Ct. at 2387. To determine whether a habeas petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the last state court rendering judgment on the claim at issue actually enforced the state procedural rule so as to bar that claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir.2004), *cert. denied,* 544 U.S. 928 (2005); *accord Lancaster v. Adams,* 324 F.3d 423, 436-37 (6th Cir.2003).

Under the procedural default component of § 1997e(a), a prisoner's claims are procedurally defaulted if he fails to complete the administrative review process in accordance with the deadlines and other applicable procedural rules and prison officials actually relied upon the procedural rule to bar review of the grievance. *See Johnson v. Meadows,* 418 F.3d 1152, 1159 (11th Cir.2005), *cert. denied,* 126 S.Ct. 2978 (2006); *Spruill v. Gillis,* 372 F.3d 218, 222 (3rd Cir.2004) (holding that "the determination whether a prisoner has 'properly' exhausted a claim (for procedural default purposes) is made by evaluating the prisoner's compliance with the prison's administrative regulations"). Moreover, just as procedural default in the federal habeas corpus context must be predicated on an adequate and independent state ground, the procedural requirements of a prison grievance system may not be imposed

in a way that offends the United States Constitution or the intended purposes of § 1997e(a). *See Spruill,* 372 F.3d at 232.

Michigan Department of Corrections Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. This policy provides the following directions for completing grievance forms:

> The issues shall be stated briefly but concisely. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included.

Michigan Department of Corrections Policy Directive 03.02.130 ¶ R (effective March 5, 2007).

Defendants assert that Plaintiff pursued only one grievance concerning the allegations articulated in his complaint, grievance MTF 07-07-10458-12I2. Defendants assert that because Plaintiff "failed to name CMS or Dr. Hutchinson" in his grievance, Plaintiff has failed to properly exhaust the claims in his complaint. The Court disagrees. Defendants are correct that Plaintiff failed to identify *any* individual by name in this particular grievance. Despite Plaintiff's apparent failure to comply with the above requirement, prison officials did not reject this grievance on this basis. As noted above, the failure by a prisoner to comply with the MDOC's procedural rules concerning the filing of grievances supports a motion for summary judgment for failure to properly exhaust administrative remedies only if prison officials actually rejected the grievance for failure to comply with the relevant procedural rule.

The Court concludes, therefore, that Defendants CMS and Hutchinson have not satisfied their burden to demonstrate that Plaintiff failed to properly exhaust the claims in his complaint. Accordingly, the Court recommends that this aspect of Defendants' motion be denied.

B.	Failure to State a Claim

Defendants next assert that they are entitled to relief because Plaintiff has failed to state a claim upon which relief may be granted. The Court agrees. Liability in a § 1983 action must be based upon "active unconstitutional behavior." *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). In his amended complaint, Plaintiff has asserted absolutely no allegations against CMS or Dr. Hutchinson. Accordingly, the Court recommends that Plaintiff's claims against Defendants CMS and Hutchinson be dismissed for failure to state a claim upon which relief may be granted.

**II.	Defendants LaNore and Nelson**  (Dkt. #45)

Defendants LaNore and Nelson assert that Plaintiff has failed to properly exhaust his claims against them. Defendants further assert that they are entitled to summary judgment.

A.	Exhaustion

Defendants' argument concerning exhaustion is the same as that asserted by Defendants CMS and Hutchinson. For the reasons articulated above, therefore, the Court concludes that Defendants LaNore and Nelson have not satisfied their burden to demonstrate that Plaintiff failed to properly exhaust the claims in his complaint. Accordingly, the Court recommends that this aspect of Defendants' motion be denied.

B.  Summary Judgment

1.  Eighth Amendment Claims

Defendants LaNore and Nelson assert that they are entitled to relief because Plaintiff received medical treatment, but simply disagrees with his care providers' medical judgments.

To the extent Plaintiff merely disagrees with the treatment Defendants provided or asserts that he received negligent care, such fails to state a claim upon which relief may be granted. *See, e.g., Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not implicate the Eighth Amendment).

Plaintiff does not dispute that he was examined concerning his alleged wool allergy. Regarding such, on or about July 19, 2007, Defendant Nelson, "after consulting with an allergist and reviewing a biopsy report on [Plaintiff's] rash," concluded that Plaintiff was not allergic to wool. (Dkt. #49, Exhibit C at 24 of 64). On March 3, 2008, Defendant Nelson again reported that Plaintiff's dermatitis "was not a result of wool." (Dkt. #49, Exhibit C at 53-54 of 64). Defendant Nelson also determined that Plaintiff's symptoms could be resolved with over-the-counter medication. (Dkt. #57 at ¶ 8).

The Court certainly understands Plaintiff's concern over being exposed to wool blankets. Nevertheless, after examining Plaintiff, reviewing the results of medical tests, and consulting with specialists, Defendant Nelson determined that Plaintiff is not allergic to wool. Defendant Nelson's diagnosis may be inaccurate as Plaintiff alleges. While such may support a cause of action for medical

malpractice it does not support a claim for violation of Plaintiff's Eighth Amendment rights. Accordingly, the Court recommends that Defendants Nelson and LaNore are entitled to summary judgment as to Plaintiff's Eighth Amendment claims.

        2.     First Amendment Claim

Plaintiff also asserts that Defendant Nelson's determination that Plaintiff was not allergic to wool was the result of retaliation. Plaintiff has failed to indicate, however, what action he undertook to prompt this allegedly retaliatory action.

The elements of a First Amendment retaliation claim are well known: (1) the plaintiff was engaged in constitutionally protected conduct, (2) the plaintiff suffered adverse action which would deter a person of "ordinary firmness" from continuing to engage in such protected conduct, and (3) there exists a causal connection between the protected conduct and the adverse action - in other words, the adverse action was motivated at least in part by the plaintiff's protected conduct. *See Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)).

Plaintiff has not alleged that he was engaged in any protected conduct which prompted Defendant Nelson's allegedly retaliatory action. Even if the Court assumes, however, that Plaintiff was engaged in protected conduct, Plaintiff has failed to allege a sufficient causal connection between his protected conduct and Defendant Nelson's allegedly retaliatory action.

As courts recognize, retaliation is "easy to allege" and "can seldom be demonstrated by direct evidence." *Huff v. Rutter*, 2006 WL 2039983 at *7 (W.D. Mich., July 19, 2006) (quoting *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987)). Nonetheless, "bare allegations of malice" are insufficient to state a constitutional claim, as Plaintiff must instead establish "that his protected conduct was a

motivating factor" behind the allegedly retaliatory action taken. *Thaddeus-X*, 175 F.3d at 399 (citations omitted); *see also*, *Desmone v. Adams*, 1998 WL 702342 at *3 (6th Cir., Sep. 23, 1998) ("[a] claim of retaliation must include a chronology of events from which retaliation may plausibly be inferred"). Furthermore, if the official demonstrates that she "would have taken the same action even without the protected activity," he is entitled to summary judgment. *Eby*, 481 F.3d at 441-42.

Aside from stating in conclusory fashion that he was retaliated against, Plaintiff asserts no factual allegation that his protected conduct was a motivating factor in Defendant Nelson's determination that he is not allergic to wool. With respect to the causation element Plaintiff offers nothing more than "bare allegations of malice." Such fails to state a claim on which relief may be granted. *See, e.g., McMillan v. Fielding*, 136 Fed. Appx. 818, 820-21 (6th Cir., June 7, 2005) (holding that dismissal for failure to state a claim is appropriate where the plaintiff's allegations regarding causation "were purely conclusory") (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998)). The Court recommends, therefore, that Plaintiff's retaliation claim against Defendant Nelson be dismissed for failure to state a claim upon which relief may be granted.

**II.            Defendants Thompson, Armstrong, Berghuis, Smith, and Caruso** (Dkt. #50)

Defendants Thompson, Armstrong, Berghuis, Smith and Caruso assert that they are entitled to relief because Plaintiff has failed to properly exhaust his administrative remedies and has failed to state a claim on which relief may be granted.

   A. Exhaustion

   1. Eighth Amendment Claims

With respect to Plaintiff's Eighth Amendment claims, Defendants' argument concerning exhaustion is the same as that asserted by Defendants CMS, Hutchinson, LaNore and Nelson. For the reasons articulated above, therefore, the Court concludes that Defendants Thompson, Armstrong, Berghuis, Smith and Caruso have not satisfied their burden to demonstrate that Plaintiff failed to properly exhaust the Eighth Amendment claims asserted against them in his complaint. Accordingly, the Court recommends that this aspect of Defendants' motion be denied.

   2. First Amendment Claim

As noted above, Plaintiff asserts that Defendant Thompson ordered prison officials to confiscate his "extra cotton blankets." Plaintiff alleges that Thompson did this in retaliation for Plaintiff having filed a grievance against her. Defendant Thompson asserts that Plaintiff has failed to properly exhaust this particular claim.

Plaintiff has submitted a copy of a grievance he filed on July 25, 2007, alleging that Defendant Thompson "gave the order to take away [Plaintiff's] extra cotton blankets." (Dkt. #49, Exhibit C at 5-8 of 64). This grievance was rejected as duplicative of a previous grievance. Pursuant to MDOC Policy Directive 03.02.130, a grievance is rejected as duplicative if it asserts issues "raised in another grievance." Thus, while the aforementioned grievance was rejected as duplicative that very fact means that the claims asserted therein were asserted in another grievance. Defendant has not demonstrated that this other grievance was not properly exhausted. The Court concludes, therefore, that Defendant Thompson has failed to carry her burden that Plaintiff failed to properly exhaust his First

Amendment claim. Accordingly, the Court recommends that this aspect of Defendant's motion be denied.

### B.  Defendants Armstrong, Berghuis, Smith and Caruso

These Defendants assert that they are entitled to relief because Plaintiff has failed to state a claim upon which relief may be granted.

Liability in a § 1983 action must be based upon "active unconstitutional behavior." *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). In his amended complaint, Plaintiff has not alleged that these Defendants actively engaged in unconstitutional behavior. Instead, Plaintiff simply alleges that these Defendants either denied or insufficiently responded to his numerous grievances. Liability in a § 1983 action does not attach based upon allegations that a defendant simply denied or failed to investigate a prisoner's grievance. *See Skinner v. Govorchin*, 463 F.3d 518, 525-26 (6th Cir. 2006); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lee v. Michigan Parole Board*, 2004 WL 1532563 at *2 (6th Cir., June 23, 2004) ("[s]ection 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act upon information contained in a grievance"); *Alder v. Correctional Medical Services*, 2003 WL 22025373 at *2 (6th Cir., Aug. 27, 2003) ("[t]he mere denial of a prisoner's grievance states no claim of constitutional dimension").

Accordingly, the Court recommends that Plaintiff's claims against Defendants Armstrong, Berghuis, Smith and Caruso be dismissed for failure to state a claim upon which relief may be granted.

       C.       Defendant Thompson

       1.       Eighth Amendment Claim

As previously noted, Plaintiff asserts that Defendant Thompson "failed to help [him] receive medical care" for his wool allergy. As discussed above, Plaintiff did receive treatment for his alleged wool allergy. Plaintiff simply disagrees with the determination that he was not allergic to wool. Plaintiff's disagreement with the medical decisions of his care providers does not implicate the Eighth Amendment. The Court recommends, therefore, that Defendant Thompson be granted summary judgment as to Plaintiff's Eighth Amendment claim.

       2.       First Amendment Claim

Plaintiff asserts that Defendant Thompson ordered prison officials to confiscate his "extra cotton blankets." Plaintiff alleges that Thompson did this in retaliation for Plaintiff having filed a grievance against her. Even assuming that Plaintiff can satisfy the first two elements of the retaliation analysis, he cannot establish the requisite causal connection.

Plaintiff offers no evidence that his protected conduct motivated Defendant Thompson to order that Plaintiff's extra cotton blankets be removed. Instead, Plaintiff merely states in conclusory fashion that he was retaliated against. As previously discussed, "bare allegations of malice" do not suffice to maintain a claim of retaliation. Furthermore, as also discussed above, the medical evidence indicates that Plaintiff's cotton blankets were confiscated because Plaintiff's care providers determined that such were not medically necessary. The Court recommends, therefore, that Defendant Thompson is entitled to summary judgment as to this claim.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendants Correctional Medical Services and Dr. Craig Hutchinson's Motion for Summary Judgment</u>, (dkt. #30), be **granted**; <u>Defendants P.A. LaNore and Dr. W. Nelson's Motion for Summary Judgment</u>, (dkt. #45), be **granted**; <u>Defendants' Rule 56(b) Motion for Summary Judgment</u>, (dkt. #50), be **granted**; and Plaintiff's action **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  June 25, 2009  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge