UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD MELVON SMITH,

    Plaintiff,                                         Case No. 1:08-cv-607

v                                                    HON. JANET T. NEFF

CORRECTIONAL MEDICAL
SERVICES, et al.,

    Defendants.
_____/

**OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 alleging Eighth Amendment cruel and unusual punishment. Defendants filed motions for summary judgment, arguing that Plaintiff has failed to exhaust his administrative remedies and failed to state a claim on which relief may be granted. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court grant Defendants' motions and enter judgment for Defendants because Plaintiff has failed to state a claim upon which relief may be granted. The matter is presently before the Court on Plaintiff's and Defendants' objections to the Report and Recommendation (Dkts 85, 92, 99, 100, 104, 105). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections for the following reasons.

1

Defendants do not object to the Magistrate Judge's recommendation that their Motions for Summary Judgment be granted; rather, Defendants object to the Magistrate Judge's conclusions regarding their alternative theories of relief. Because these theories are inconsequential to the disposition of this case, this Court's opinion on the merits of Defendants' objections would be dicta. Therefore, the Court denies Defendants' objection inasmuch as the Court declines to address the merits of an issue that does not affect the rights of the litigants in the case at bar. However, the Court's approval and adoption of the Magistrate Judge's Report and Recommendation as its own opinion does not encompass the portion of the Report and Recommendation that Defendants highlight in their objection.

Plaintiff argues that the Magistrate Judge erred in failing to find that Defendants violated Michigan Department of Corrections (MDOC) policy directives. Plaintiff's argument is without merit. Defendants' alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *Spruytte v. Walters*, 753 F.2d 498, 508-09 (6th Cir. 1985); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687 *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).

To the extent that Plaintiff's complaint presents allegations under state law, this Court declines to exercise jurisdiction. The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557 *2 (6th Cir. June 18, 1998).

As Plaintiff admits, the remainder of his objections rely on this Court finding a violation of MDOC policy directives. Because the Court declines to make such a finding, the remainder of Plaintiff's objections, including any claim for deliberate indifference to medical needs, are also without merit.

Consequently, the Court adopts the Report and Recommendation as the opinion of this Court. For the reasons expressed and because this action was filed *in forma pauperis*, this Court also will also certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

Accordingly:

**IT IS HEREBY ORDERED** that Plaintiff's Objections (Dkt 29) and Defendants' Objections (Dkt 85) are DENIED and the Report and Recommendation (Dkt 84) is APPROVED and ADOPTED as the opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants Correctional Medical Services and Dr. Craig Hutchinson's Motion for Summary Judgment (Dkt 30), Defendants P.A. LaNore and Dr. W. Nelson's Motion for Summary Judgment (Dkt 45), and Defendants' Rule 56(b) Motion for Summary Judgment (Dkt 50) are GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel MDOC to Allow Plaintiff to Attend Law Library (Dkt 86), Defendants' Motion to Strike Plaintiff's Response (Dkt 108), and Plaintiff's Motion to Expand the Record (Dkt 109) are DENIED AS MOOT.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

A Judgment will be entered consistent with this Opinion and Order.


Dated: September 30, 2009         /s/ Janet T. Neff
                                  JANET T. NEFF
                                  United States District Judge