UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD MELVON SMITH,

    Plaintiff,                              Case No. 1:08-cv-607

v                                                     HON. JANET T. NEFF

CORRECTIONAL MEDICAL
SERVICES, et al.,

    Defendants.
_____/

## OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Reconsideration (Dkt 121), as supplemented (Dkt 122), of the September 30, 2009 Judgment this Court issued in his prisoner civil rights action. Defendants did not request leave to file a response to Plaintiff's motion. *See* W.D. Mich. LCivR 7.4(b). The Court has considered Plaintiff's motion and concludes that it is properly denied.

On September 30, 2009, this Court adopted the Magistrate Judge's recommendation to grant Defendants' motions and enter Judgment for Defendants because Plaintiff failed to state an Eighth Amendment claim upon which relief could be granted (Dkt 117). Plaintiff filed this Motion for Reconsideration on October 19, 2009 (Dkt 121). Plaintiff's motion indicates that it is brought "pursuant to appropriate Federal Rules of Civil Procedure."

1

Plaintiff's motion was filed after the expiration of the then ten-day time period for motions for reconsideration provided in Federal Rule of Civil Procedure 59(e).[1] Moreover, Plaintiff's motion did not state any grounds for reconsideration as required by Rule 7(b)(1)(B). FED. R. CIV. P. 7(b)(1)(B) ("[A] motion must ... state with particularity the grounds for seeking the order."). *See Intera Corp. v. Henderson,* 428 F.3d 605, 611 (6th Cir. 2005) (finding a one-sentence motion "inadequate" as a Rule 59(e) motion to alter or amend a judgment because it does not state, "with particularity," the grounds therefor). Plaintiff did not supplement the record with any supporting argument until October 30, 2009 (Dkt 122). Therefore, to the extent Plaintiff's motion is properly construed as a Rule 59(e) motion, it can be simply denied as untimely.

This Court may also consider Plaintiff's motion under Rule 60(b) of the Federal Rules of Civil Procedure. *See Lommen v. McIntyre,* 125 Fed. Appx. 655, 658-59 (6th Cir. 2005) (citing *Peake v. First Nat'l Bank & Trust Co.,* 717 F.2d 1016, 1020 (6th Cir. 1983)). Plaintiff does not assert that the facts of his case fall within one of the five enumerated reasons contained in Rule 60(b) that would warrant relief from judgment. FED. R. CIV. P. 60(b)(1)-(5). Subdivision (6) permits a district court to grant a motion for relief from judgment for "any other reason that justifies relief," but this Circuit adheres to the view that courts should apply Rule 60(b)(6) only in "exceptional or extraordinary circumstances," not as a substitute for an appeal. *Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir. 1989).

---

[1] A March 26, 2009 amendment to Rule 59(e) extended the time period for filing a motion to alter or amend a judgment to "no later than 28 days after the entry of the judgment;" however, the amended rule was not effective until December 1, 2009.

Plaintiff's arguments do not demonstrate exceptional or extraordinary circumstances requiring post-judgment relief. Plaintiff argues that this Court held his complaint to "too stringent" a standard in light of his layperson status and limited access to the law library. Conversely, Plaintiff argues that he, in fact, stated an Eighth Amendment claim upon which relief may be granted and that Defendants' alleged failures to comply with certain administrative rules and policies by not supplying him with a cotton blanket are examples of their deliberate indifference to his serious medical need. These arguments merely reiterate the arguments Plaintiff previously made and this Court previously rejected; therefore, even if considered, the arguments would not alter the analysis or outcome of this Court's determination to grant summary judgment to Defendants.

As for Plaintiff's charges that this Court read Plaintiff's objections "too literally" and failed to construe the objections "as a whole," this Court was well advised of the factual and legal claims at issue. The Court thoroughly considered Plaintiff's objections (Dkt 92), the three succeeding documents that Plaintiff filed as supplements to his objections (Dkts 100, 102, 105, 106), as well as Defendants' helpful responses thereto (Dkts 99, 104).

In sum, neither Rule 59(e) nor Rule 60(b) affords Plaintiff a second chance to convince this Court to rule in his favor. Therefore:

**IT IS HEREBY ORDERED** that the Motion for Reconsideration (Dkt 121), as supplemented (Dkt 122), is DENIED.

Date: April 27, 2010 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge